UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANDRE HAMILTON,

    Plaintiff,

    v.          CAUSE NO.: 3:19-CV-591-JD-MGG

WARDEN, et al.,

    Defendants.

OPINION AND ORDER

DeAndre Hamilton, a prisoner without a lawyer, filed a complaint.[1] "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Hamilton alleges that Lieutenant Wilson placed him in a cell at the Indiana State Prison that makes it difficult for him to breathe due to his asthma condition in combination with odors and extreme temperatures. When he explained

---

[1] The court construes ECF 1, ECF 3, and ECF 4 as a single complaint. Nevertheless, Hamilton is advised that the local rules do not allow plaintiffs to file complaints in a piecemeal manner, N.D. Ind. L.R. 15-1(b), and the court is not likely to excuse any further violations of this local rule.

these issues to Nurse Samantha, she directed him to correctional staff and told him that medical staff could not assist him. Officer Rio saw Hamilton struggle to breath but walked off without calling the medical unit to assist him. For these claims, he seeks money damages and a transfer from the facility.

Hamilton asserts an Eighth Amendment claim of deliberate indifference against Lieutenant Wilson, Nurse Samantha, and Officer Rio for acting with deliberate indifference to his asthma condition. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Hamilton states a plausible Eighth Amendment claim of deliberate indifference against these defendants.

Hamilton also names the Wexford medical team and the Warden of the Indiana State Prison as defendants. However, the medical team is not an individual or other suable entity but is group of individuals that must be separately identified and named

2

as defendants. Further, though Hamilton lists the Warden as a defendant, he does not mention him in the narrative portion of the complaint. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, Hamilton may not proceed against these defendants on claims for money damages.

Finally, Hamilton seeks injunctive relief for a transfer to a different facility. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring staff to treat and accommodate his asthma condition as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). The Warden has both the authority and the responsibility to ensure that Hamilton receives the accommodations and medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will allow Hamilton to proceed against the Warden in his official capacity for purposes of the injunctive relief claim.

For these reasons, the court:

(1) GRANTS DeAndre Hamilton leave to proceed on an Eighth Amendment claim for money damages against Lieutenant Wilson for acting with deliberate indifference to his asthma condition by placing him in a cell that made breathing more difficult;

(2) GRANTS DeAndre Hamilton leave to proceed on an Eighth Amendment claim for money damages against Nurse Samantha for acting with deliberate indifference to his asthma condition by refusing to provide medical assistance;

(3) GRANTS DeAndre Hamilton leave to proceed on an Eighth Amendment claim for money damages against Officer Rio for acting with deliberate indifference to his asthma condition by refusing to call the medical unit after seeing him struggle to breathe;

(4) GRANTS DeAndre Hamilton leave to proceed the Warden of the Indiana State Prison in his official capacity on an injunctive relief claim for medical treatment and accommodations for his asthma condition to the extent required by the Eighth Amendment;

(5) DISMISSES the Wexford Medical Team;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Lieutenant Wilson, Nurse Samantha, Officer Rio, and the Warden of the Indiana State Prison at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1, ECF 3, ECF 4) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant Wilson, Nurse Samantha, Officer Rio, and the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which DeAndre Hamilton has been granted leave to proceed in this screening order.

SO ORDERED on August 29, 2019

                                                    /s/ JON E. DEGUILIO  
                                                    JUDGE  
                                                    UNITED STATES DISTRICT COURT