UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DE'ANDRE HAMILTON,

Plaintiff,

v.                                          CAUSE NO.: 3:19-CV-591-JD-MGG

WARDEN, ET AL.,

Defendants.

OPINION AND ORDER

De'Andre Hamilton, a prisoner without a lawyer, is proceeding on Eighth

Amendment claims against Defendants Lieutenant Wilson, Nurse Samantha, Officer

Rio, and the Warden of the Indiana State Prison. Hamilton claims Lieutenant Wilson

acted with deliberate indifference to his asthma condition by placing him in a cell that

made breathing more difficult. Hamilton claims Nurse Samantha acted with deliberate

indifference to his asthma condition by refusing to provide medical assistance.

Hamilton claims Officer Rio acted with deliberate indifference to his asthma condition

by refusing to call the medical unit after seeing him struggle to breathe. Lastly,

Hamilton is suing the Warden in his official capacity on an injunctive relief claim for

medical treatment and accommodations for his asthma condition to the extent required

by the Eighth Amendment. All Defendants have moved for summary judgment,

arguing Hamilton failed to exhaust his administrative remedies because he did not

complete the grievance process with respect to his claims against them. (ECF 24 at 2; 28

at 1.) Hamilton hasn't responded to the motions.

In a declaration, Joshua Wallen, a Grievance Specialist employed by the Indiana Department of Corrections, attested that the one grievance process available to inmates is explained in Policy and Administrative Procedure 00-02-301. (ECF 28-1 at 2.) This policy sets forth three-steps. (*Id.* at 2-4.) If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the Grievance Specialist ten days from the date of the incident giving rise to the complaint. (*Id.*) If an inmate is dissatisfied with the Grievance Specialist's determination on a formal grievance, he may file an appeal with the Warden or his designee within five days of receiving the grievance response. (*Id.*) Finally, if an inmate is dissatisfied with the Warden's determination, he may file an appeal with the Department Grievance Manager within five days of receipt of the Warden's appeal response. (*Id.*) Only after an appeal to the Department Grievance Manager has a prisoner fully exhausted all administrative remedies.

According to Wallen's declaration, Hamilton has not properly grieved the claims in this lawsuit. (ECF 28-1 at 5; 28-3.) Wallen provided records which show on October 10, 2019, Hamilton submitted a formal grievance with respect to events that occurred on July 2, 2019. (ECF 28-1 at 5; 28-4 at 2.) Wallen rejected the grievance on the basis that Hamilton submitted the form too late and failed to indicate a good reason for the delay. (*Id.*) Hamilton had five days to correct the issue with his formal grievance form by resubmitting the grievance with an explanation for the untimeliness. Hamilton then submitted a second formal grievance on October 16, 2019, but the grievance was again rejected because it did not contain an explanation for the untimeliness. (ECF 28-1 at 5; 28-5 at 2.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Here, the undisputed record demonstrates that Hamilton never properly submitted a formal grievance form regarding the claims of deliberate indifference to his medical needs. Hamilton was informed that he must refile his formal grievance within five days to correct the issue of untimeliness with his original grievance. Although Hamilton refiled, he failed to explain the delay and was therefore unable to proceed with the grievance process. The Court finds that Hamilton did not exhaust his available administrative remedies with respect to his claims against Defendants Lieutenant Wilson, Nurse Samantha, Officer Rio, and the Warden.

For these reasons, the Court:

(1) GRANTS the Motion for Summary Judgment with respect to Nurse Samantha (ECF 24);

(2) GRANTS the Motion for Summary Judgment with respect to Lieutenant Wilson, Officer Rio, and the Warden of the Indiana State Prison (ECF 28);

(3) DIRECTS the Clerk to enter judgment in favor of the defendants and close this case.

SO ORDERED on July 17, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT